NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
JUL 1 8 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-108-JMH

DONALD W. FLEENOR                                                             PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

JOE BOOKER, JR., Warden                                    RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Donald W. Fleenor, an individual presently confined at the Federal Medical Center in Lexington, Kentucky, originally filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241, which was not accompanied by the district court filing fee. After the Court issued a deficiency order regarding the fee, the petitioner filed a motion to proceed *in forma pauperis* and he also paid the district court filing fee. Therefore, the motion will be denied as mooted by the payment.

The petition is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner claims that he is being held in the custody of the Bureau of Prisons ("BOP") past his proper release date.

## ALLEGATIONS OF THE PETITION

The petitioner has submitted a three-page, typewritten petition and several attachments. The following is a summary or construction of the allegations therein.

The petitioner was indicted in 2002 in the United States District Court for the Eastern District of Tennessee and ultimately pled guilty to possession of a firearm after having been convicted of a felony, the offense occurring in September of 2001. On March 13, 2003, he was sentenced, the Judgment providing in pertinent part as follows:

> Term of imprisonment is 46 months, this term of imprisonment shall run concurrently to the defendant's term of imprisonment for violation of parole in Sullivan County Criminal Court case numbers 20,115 and 21,104.
>
> The court makes the following recommendations to the Bureau of Prisons:
>
> 1. Credit for time served.
> 2. That the Bureau of Prisons designate the state institution, the Tennessee Department of Corrections, for service of the federal sentence. After the state time has been served, the Court recommends that the balance of the sentence be served at FCI Lexington, Ky.
> 3. Defendant receive mental health counseling as soon as possible.
>
> The defendant is remanded to the custody of the United States Marshal.

Complaint, Exhibit 2 at 2.

According to the petitioner, his federal sentence should have expired on or about December 26, 2004, with good time credits of 54 days yearly and prorated for the last part of a year. The BOP, however, computes his sentence as expiring with good time credits on July 7, 2006, or full expiration on January 3, 2007. Fleenor's Exhibit 3 is a print-out of the BOP's calculation, which does, indeed, contain the July 7, 2006 date as the projected satisfaction date via good time credits and the January 3, 2007 date as the full term expiration date.

2

The petitioner claims to have written to the people who did the calculation and to his BOP case manager "to no avail." As to the BOP administrative remedy process, he states that pursuing it to exhaustion (1) would take 60 to 120 days or more; (2) is unnecessary for habeas actions; and (3) would be futile.

The petitioner asks that he be released immediately; that all time served in excess of his sentence be credited against his term of supervision; and that he also receive $100.00 per day for each extra day served.

## DISCUSSION

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a district court the authority to dismiss a case at any time if, *inter alia*, the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

The Court must begin with a pre-condition to filing a petition for writ of habeas corpus: the would-be petitioner's exhaustion of administrative remedies. Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

3

The administrative remedies available to inmates confined in BOP institutions require that a prisoner present his complaint or grievance to 4 levels of officials, as is set out at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden on a BP-9 form. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director (BP-10 form), and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel (BP-11). *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.* There is even an expedited procedure for any request "determined to be of an emergency nature which threatens the inmate's immediate health or welfare." *Id.*

The instant petitioner does not allege exhaustion of the administrative process prior to filing in federal court. The Court construes that he is asking for the exhaustion requirement to be waived. His request will not be granted for several reasons, however. First, the petitioner is mistaken about exhaustion not being required. While the exhaustion required for civil actions under the PLRA may not apply to habeas proceedings, the federal courts have a history of requiring exhaustion prior to the filing of a habeas petition, a requirement which is unaffected by the PLRA. Judicial waiver is

4

discretionary and limited, however. Futility is one ground.

Resort to administrative remedies may be deemed futile only if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987). In the case *sub judice*, the petitioner has not demonstrated how or why he believes that following the BOP administrative procedures would be futile.

Further, the petitioner is essentially asking the Court to treat this matter with haste, while the petitioner, himself, did not do so. He does not state when he learned of the BOP's erroneous calculation, but it was clearly before December 26, 2004, when he purportedly expected to be released. The print-out which the petitioner has attached is dated December 17, 2004. Yet he did not immediately challenge that computation through the proper channels. Nor had he sought to do so three months later, by March 28, 2005, when he filed the instant petition. Further, the petitioner did not pay the habeas filing fee herein until May 31, 2005. As is abundantly clear, given the administrative remedy deadlines, had the petitioner started the administrative remedies even late in 2004, he would have exhausted them by now and the Court would be able to address his calculation claim on the merits.

Finally, the instant petitioner is informed that one of the reasons for the exhaustion requirement is to prepare a record for the reviewing courts. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The record before this Court today contains only the *pro se* petitioner's scant allegations, and no indication of the BOP's method of calculating this prisoner's release date. While a court may waive the exhaustion requirement, it must be on a record supporting

5

such a ruling, not on the one presented herein. *See Colton v. Ashcroft*, 299 F. Supp.2d 681 (E.D.Ky. 2004) (waiving the exhaustion requirement) (the Honorable Jennifer B. Coffman, presiding).

Because the instant petitioner has not exhausted the BOP's administrative remedy process, the Court will deny the instant petition, without prejudice to his ability to file another habeas proceeding at a later time, after exhaustion.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follow:

(1) The petitioner's motion to proceed *in forma pauperis* [Record No. 3] is **DENIED**, as moot;

(2) Petitioner Donald Wayne Fleenor's petition for writ of habeas corpus is **DENIED** and **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 18th day of July, 2005.

*Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE

6